**FARNESE P.C.**
Peter J. Farnese (SBN 251204)
pjf@farneselaw.com
700 S. Flower St., Suite 1000
Los Angeles, California 90017
Telephone: (310) 356-4668
Facsimile: (310) 388-1232

**HONIK LLC**
Ruben Honik (*PHV*)
ruben@honiklaw.com
David J. Stanoch (*PHV*)
david@honiklaw.com
1515 Market St., Suite 1100
Philadelphia, PA 19102
(267) 435-1300

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIANN SLATTERY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATHENA COSMETICS INC.,<br><br>Defendant. | Lead Case No. 2:23-cv-10078-HDV-AJR<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing Date: February 6, 2025<br>Time: 10:00 a.m.<br>Courtroom: 5B<br><br>Judge: Hon Hernán D. Vera<br>Trial Date: None Set |
| REBECCA RUSH, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATHENA COSMETICS INC.,<br><br>Defendant. | |

-1-

Case No. 2:23-cv-10078-HDV-AJR

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOT. TO DISMISS

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................5

II. FACTUAL BACKGROUND ....................................................................6

III. LEGAL STANDARD .............................................................................9

IV. ARGUMENT ...........................................................................................9

    A. Rush Sufficiently Pleads Her Breach of Warranty Claims (Counts IV-V) ...................................................................................9

    B. Rush Sufficiently Pleads Her Statutory Consumer Protection Law Claim (Count I) .....................................................................13

    C. Rush Adequately Pleads Her Fraud Claim (Count II) .........................15

    D. Rush's Unjust Enrichment Claim (Count VII) Is Not "Duplicative" ...............................................................................16

    E. The Economic Loss Doctrine Does Not Bar Rush's Negligent Misrepresentation (Count III) and Negligence (Count VI) Claims ......17

    F. Athena's Multi-State Standing Argument Lacks Merit ........................17

V. CONCLUSION .......................................................................................19

Case No. 2:23-cv-10078-HDV-AJR                    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOT. TO DISMISS

# TABLE OF AUTHORITIES

## Cases

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)..........................................................8

*DeCoursey v. Murad, LLC*, 673 F. Supp. 3d 194 (N.D.N.Y. 2023)..........................11

*Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350 (E.D.N.Y. 2022).......................13

*Nelson v. Forest River, Inc.*, 22-cv-49,
  2023 WL 2610769 (D. Mon. Mar. 23, 2023) ..........................................................17

*A.B. ex rel. Turner v. Google LLC*, -- F. Supp. 3d --,
  2024 WL 3052969 (N.D. Cal. June 18, 2024)..........................................................12

*Cincinnati Ins. Co. v. Emerson Climate Techs., Inc.*,
  215 A.D.3d 1098 (N.Y. App. Div. 2023) ..................................................................16

*Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83 (S.D.N.Y. 2021)...................14

*Davis v. Angelcare USA, LLC*, 727 F. Supp. 3d 99 (D. Conn. 2024) ........................9

*DeCostanzo v. GlaxoSmithKline PLC*, 643 F. Supp. 3d 340 (E.D.N.Y. 2022) ........16

*Goldemberg v. J&J Consumer Cos., Inc.*, 8 F. Supp. 3d 467 (S.D.N.Y. 2014)........13

*Hubbard v. GM Corp.*, 95-civ-4362,
  No. 1996 WL 274018 (S.D.N.Y. May 22, 1996) ......................................................11

*IKB Intl., S.A. v. Wells Fargo Bank, N.A.,* 40 N.Y.3d 277 (N.Y. 2023) ...................16

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-md-2413,
  2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ..........................................................10

*Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091 (S.D. Cal. 2015) .................17

*Kellman v. WFM Private Label, L.P.*, 17-cv-6584,
  2019 WL 1429576 (N.D. Cal. Mar. 29, 2019) ..........................................................17

*Langan v. Johnson & Johnson Consumer Cos., Inc.*,
  897 F.3d 88 (2d Cir. 2018) .......................................................................................17

*Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580  (9th Cir. 2008)....................................8

*MaxEn Capital Advisors, Ltd. v. Pure Lithium Corp.*,
  No. 1:24-cv-2231, 2024 WL 4520062 (S.D.N.Y. Oct. 17, 2024)...........................15

*Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097 (9th Cir. 2008). ................8

*Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531 (9th Cir. 1989) ........................8

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001)........................................................8

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007)..........................................15

*Pecanha v. The Hain Celestial Grp., Inc.*,

  No. 17-cv-4517, 2018 WL 534299 (N.D. Cal. Jan. 24, 2018) ...............................17

*Pelman v. McDonald's Corp.*, 396 F.3d 508 (2d Cir. 2005)......................................12

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)..............................................16

*Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406 (S.D.N.Y. 2021) ..........10

*Sloan v. GM, LLC*, 287 F. Supp. 3d 840 (N.D. Cal. 2018) .......................................11

*Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103 (S.D. Cal. 2021).....................9

*Tappana v. Am. Honda Motor Co., Inc.*,

  609 F. Supp. 3d 1078 (C.D. Cal. 2022) ..................................................................15

*Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097 (9th Cir. 2003)...................................8

*Vitolo v. Mentor H/S, Inc.*, 426 F.Supp.2d 28 (E.D.N.Y. 2006). ..............................12

## Rules and Statutes

Fed. R. Civ. P. 8........................................................................................................12

Fed. R. Civ. P. 9(b) ........................................................................................8, 12, 14

Fed. R. Civ. P. 12(b)(6) ...................................................................... 5-6, 9, 11

New York General Business Law ("GBL") § 349, *et seq.*...................................11-12

Case No. 2:23-cv-10078-HDV-AJR    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOT. TO DISMISS

Consolidated Plaintiff Rebecca Rush respectfully files this memorandum of law in opposition to Defendant Athena Cosmetics, Inc.'s ("Athena") Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 48).

## I.    INTRODUCTION

This putative consumer class action involves the sale of beauty products sold with undisclosed safety risks. This later-filed case (No. 2:24-cv-08542) was consolidated with an earlier-filed case before this Court, *Slattery v. Athena Cosmetics, Inc.*, No. 2:23-cv-10078. Plaintiff Rush, a New York resident, alleges the same claims against Athena as Plaintiff Slattery, a Florida resident. This Court already held that nearly all of Plaintiff Slattery's claims may proceed. *See* 7/17/24 Order (Dkt. 33). The *only* two claims this Court dismissed in *Slattery* were the express warranty claim, and the non-Florida consumer protection statute claims. *Id.*

Athena's instant Motion (Dkt. 48) invites this Court to revisit entirely its well-reasoned opinion in *Slattery* under the guise of purported variations between New York and Florida law. The Court should decline Athena's invitation. Plaintiffs Rush and Slattery allege the same theories, for the same kinds of harm, on the same sets of facts. No meaningful differences exist between New York (*Rush*) and Florida (*Slattery*) law. There simply is no reason for this Court to depart from its prior ruling in *Slattery*.

The only notable difference is that Rush pleads her breach of express warranty claim in more detail than Slattery. Thus, while this Court dismissed Slattery's breach of express warranty claim, the Court should deny Athena's Motion as to Rush's breach of express warranty claim.

Rush does allege a multi-state consumer protection statute claim, just as Slattery did. She understands that if this Court follows its *Slattery* ruling, than Rush's consumer protection statute claim (Count VI) will be limited to her home state of New York's statute only.  The same rationale, however, does not bar Rush (or Slattery) from representing multi-state common law classes where false conflicts of law exist.

-5-

This is a matter for the class certification stage, not this stage; indeed, neither Athena nor this Court addressed this in *Slattery*.

Athena also disputes a number of the Complaint's factual allegations, ranging from whether and the extent to which Rush suffered physical harm (she did), to whether the synthetic prostaglandin ("PGA") known as dechloro dihydroxy difluoro ethylcloprostenolamide ("DDDE") poses health risks (it does). Athena essentially asks this Court to disregard the well-pleaded allegations and credit Athena's desired inferences over Rush's. Such a fact-dependent endeavor is not appropriate on a Rule 12(b)(6) motion.[1]

For these reasons, discussed more fully below, Athena's motion should be denied.

## II.   FACTUAL BACKGROUND

Although the Court is familiar with the underlying facts as set forth in its *Slattery* ruling (Dkt. 33), Rush briefly re-summarizes some salient fact here for completeness.

Athena manufactures and sells consumer beauty products. (Compl. ¶ 2). Among the products are RevitaLash Advanced Eye Serum, RevitaBrow Advanced Serum, RevitaLash Advanced Pro, and RevitaLash Advanced Sensitive (the "Serums" or "Products"). (*Id.*). Athena markets the Serums to 'enhance' eyelashes and eyebrows. (*Id.* ¶ 11). Athena markets the Serums as safe-to-use products that only contains benign, natural substances, such as "green tea" and "ginseng." (*Id.* ¶¶ 33-34).

---

[1] Athena's factual quarrel with Rush's allegations of physical harm is particularly specious given Athena's reliance on these allegations as the basis for Athena's declaratory judgment action against its liability insurance carrier for coverage against Rush's and Slattery's claims. *See, e.g.*, *Athena Cosmetics, Inc. v. Great Am. Ins. Co.*, No. 2:24-cv-08010-AB-AGR (C.D. Cal.), Dkt. 31 at 2 (Ex. A hereto) (denying insurer's motion to dismiss, noting that Athena "argues that the *Athena* Actions [including *Rush*] do in fact plead bodily injuries.").

-6-

In reality, the Serums contain a harmful substance called dechloro dihydroxy difluoro ethylcloprostenolamide or DDDE. (*Id.* ¶ 3). DDDE is a prostaglandin analog that can promote hair and lash growth – the main advertised purpose of Athena's Serums. (*Id.*). This substance is responsible for the hair growth effect of the Serums, not other benign substances also contained in the Serums, such as ginseng. (*Id.* ¶ 4). DDDE is widely known and understood in the scientific literature and by the medical community to pose a number of serious safety risks. (*Id.* ¶ 30). For instance, the European Commission's Scientific Committee on Consumer Safety recently stated that it was *not* able to conclude that DDDE is safe when used in cosmetic products intended for use in the proximity of the human eyes. (*Id.* ¶ 31).  Similarly, the United States Food and Drug Administration ("FDA") has found that another prostaglandin analog (in the same substance class as DDDE) may cause various effects to the eye including, but not limited to, ocular irritation, hyperemia, iris color change, macular edema, ocular inflammation, and interference with intraocular pressure reduction therapy.  (*Id.* ¶ 30).

Athena does not disclose any of DDDE's risks and harmful effects. (*See, e.g.*, Compl. ¶¶ 2, 7, 11-12, 22-23, 41, 43-44, 46, 48). To the contrary, the Serums' labeling, packaging, and instructions, as well as Athena's other marketing and promotional material such as its own website and those of Athena's authorized resellers, omits any mention of DDDE's risks and harmful effects.  (*Id.* ¶¶ 7, 15-16, 23). Instead, Athena misleadingly touts the safety and efficacy of the Serums, without disclosing any of the known risks of DDDE.  (*See, e.g.*, *id.* ¶¶ 2, 22, 41, 48).

As the manufacturer and seller, Athena clearly knew its own Products contained DDDE. Further, Athena cannot deny it was aware of the serious safety risks posed by DDDE. Aside from safety information dating back many years, Athena affirmatively petitioned a European body to declare that Athena's Serums were "safe," but the body refused to do so because of the presence of DDDE in Athena's Serums. (*See, e.g.*, *id.* ¶¶ 26-27, 30-32). Further, customer feedback about

-7-

Athena's Serums reveal numerous reports of consumers experiencing the very harmful effects known to be associated with DDDE use. (*Id.* ¶ 47). Were this not enough, until very recently, Athena's website deliberately omitted mention of *any* harmful effects whatsoever associated with its Serums. (*Id.* ¶ 48). Athena's website now downplays any safety risks, falsely claiming that the cause of reported harmful effects "is not known" or might be due to "some unspecified allergic reaction." (*Id.*). Athena still fails to clearly warn consumers about the serious adverse effects associated with DDDE use. (*Id.*).

Plaintiff Rebecca Rush and the other putative class members are consumers who purchased Athena's Serums. (*Id.* ¶¶ 13, 15-16). Each was duped by Athena's uniformly fraudulent misrepresentations and omissions about the Serums, *viz.*, the non-disclosure of DDDE's risks. (*Id.* ¶ 14). These misrepresentations and omissions were material to purchasers such as Rush and other class members. (*Id.* ¶¶ 44-46, 50). They either would have not purchased the Serums had they known the truth, or certainly would have paid less for them. (*Id.* ¶ 51).

Rush originally commenced her action in the Eastern District of New York on November 30, 2023, but then voluntarily dismissed and re-filed here on October 4, 2024. (Dkt. 1). Although Plaintiff did suffer physical impact from her use of the Serums (*id.* ¶¶ 17, 76, 89, 103, 117, 131, 140, 147), she seeks only economic damages and injunctive relief under various state law theories on behalf of a putative class of similarly situated purchasers. (*Id.* ¶¶ 68-152 & Wherefore Clause).

Athena's lengthy recitation about its efforts to dissolve the *Allergan* injunction after Rush (and Slattery) filed an original complaint (*see* Mot. at 9-10) is immaterial to Rush's claims and adjudication of the Motion. Rush merely notes that the injunction did ban Athena's sale of Serums in California until March 2024 (after Rush and Slattery filed their original complaints), and that in stipulating to dissolution, Allergan "disagree[d] with Athena's Motion [to dissolve] and takes the position that the Injunction was and is proper," but nevertheless chose not to contest

-8-

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOT. TO DISMISS

the dissolution after more than ten years of the injunction's being in effect. *See* Ex. B hereto.

### III.    LEGAL STANDARD

A motion to dismiss under Federal Rule 12(b)(6) tests only the legal sufficiency of the complaint, not the ultimate merits of the plaintiff's claims. *See, e.g.*, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See, e.g.*, *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). A complaint will survive dismissal under Rule 12(b)(6) as long as it contains sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face" and "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Ultimately, dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Fraud-based claims must comply with Federal Rule 9(b), which requires that the plaintiff "identify the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Accordingly, a plaintiff should allege "'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp USA*, 317 F.3d 1097, 1104 (9th Cir. 2003); *see* Fed. R. Civ. P. 9(b).

### IV.    ARGUMENT

As noted *supra* Part I, Athena's Motion does not identify any meaningful divergence between New York and Florida law that might require this Court to depart from its *Slattery* ruling (except as to express warranty, *see infra* Part IV.A).

**A. Rush Sufficiently Pleads Her Breach of Warranty Claims (Counts IV-V)**

Case No. 2:23-cv-10078-HDV-AJR                PLAINTIFF'S RESPONSE TO DEFENDANT'S MOT. TO DISMISS

The Court dismissed Slattery's express warranty claim because Slattery did "not allege any express affirmation or promise by Defendant," and did not plausibly allege she relied on same. (Dkt. 33 at 3, 10-11). Athena now argues that Rush's express warranty claim (Count IV) fails for the same reasons. (Mot. at 16-18).

Unlike Slattery, Rush explicitly alleges that Athena "expressly warranted that its Enhancement Serums were cosmetic products that were safe and effective for intended use, and did not contain any undisclosed risks. ***Athena's promotional and other materials also affirmatively warranted its Enhancement Serums were non-irritating***." Compl. ¶ 111 (emphasis added). Rush also pleads Athena's affirmative statements that the Serums were "safe." *Id.* ¶¶ 2, 16, 22, 41; *see also* Ex. C (Athena promotional material noting Serums are "Safe for sensitive eyes," "Safe for contact lens wearers," "Safe for use with eyelash extensions," and in response to question whether the Serums are "safe for my eyes" stating Athena's testing "reported there was no irritation to the eyes" and that the Serums "does not have a physiological effect on eyes"). Slattery's complaint did not make these non-irritating allegations. Athena made these statements "in its marketing (including its website and the websites of its authorized resellers) for the Enhancement Serums, and the Products' packaging, labeling, and instructions." *Id.* ¶ 112. Indeed, even the product proofs Athena submits with its Motion reflect this express affirmation. *See* (Dkt. 49-2, Exs. A-B).[2] Plaintiff viewed Athena's statements at the time of her purchases. *Id.* ¶ 16. Athena's "non-irritating" affirmations were false because, contrary to Athena's statements, the Serums caused her pain and eye inflammation, *id.* ¶ 17, and others experienced similar side effects as well, *see, e.g.*, *id.* ¶ 47 (cataloguing consumer complaints including "irritation" and "feel[ing] irritated").

---

[2] Rush separately files an opposition to Athena's request to take judicial notice of product proofs, because product proofs are not the same as packaging, labeling, and instructions actually encountered by consumers. *See, e.g.*, *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1121 (S.D. Cal. 2021).

These allegations, corroborated by Athena's own submissions, plausibly allege an actionable express affirmation. *See, e.g.*, *Davis v. Angelcare USA, LLC*, 727 F. Supp. 3d 99, 155 (D. Conn. 2024) (applying New York law) ("whether a statement constitutes a warranty is a question of fact, and where a court is unable to determine as a matter of law that a statement is not misleading under GBL § 349, it is equally inappropriate to determine it is not misleading for the warranty claim") (cleaned up) (internal quotation marks and citations omitted).

Athena's assertion that the "non-irritating" statements are offset by warnings elsewhere on the product labels (Mot. at 17-18) is incorrect, factually disputed, and non-dispositive. As Rush alleges, Athena explicitly affirms the Serums are "non-irritating" not just on product packaging, but also on Athena's websites and other promotional materials. For instance, Athena's website states the Serums are "non-irritating" without any mention of the other warnings Athena purportedly makes.[3] This alone distinguishes Athena's cases (Mot. at 18), all of which involved purportedly conflicting affirmations and disclaimers in close proximity. Even then, courts refuse to find as a matter of law that other language clarifies or modifies challenged express affirmations, as doing so is a fact question. *See, e.g.*, *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-md-2413, 2013 WL 4647512, at *16 (E.D.N.Y. Aug. 29, 2013) (refusing to dismiss claim about "All Natural" misrepresentation when ingredients list identified non-natural additives because that did not satisfy defendant's "heavy burden" to "extinguish the possibility that a reasonable consumer could be misled") (cleaned up) (internal quotation marks omitted). Athena's desired factual inference about how reasonable consumers would interpret Athena's statements is a fact question that is not judiciable on a Rule 12(b)(6) motion.

---

[3] https://www.revitalash.com/products/revitalash-advanced-sensitive (last accessed Jan. 14, 2025) (Ex. C hereto).

-11-

As to Rush's breached of implied warranty claim (Count V), the Court already ruled that the *Slattery* complaint adequately alleged the Serums were unsafe or unfit for ordinary purpose. (Dkt. 33 at 12). Rush's complaint contains the same allegations. *See, e.g.*, Compl. ¶¶ 2, 5, 16, 22, 31, 41-42, 44-45, 53, 56. New York law is no different than Florida law with regard to the sufficiency of these allegations, as Athena's own case law illustrates. *See, e.g.*, *Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 421-22 (S.D.N.Y. 2021) (undisclosed presence of mercury in canned tuna plausibly alleged breach of implied warranty) (cited in Athena's Motion at 18).

Athena's privity argument (Mot. at 20) lacks merit. Rush specifically alleges that privity is not required because one or more exceptions exist, namely, that (i) privity is not required where physical harm occurs; (ii) Athena is a manufacturer and made direct statements about the safety of its products, and intended its statements and affirmations to flow to consumers, (iii) Rush only sold the Serums itself or through strictly managed authorized resellers, and Rush and other consumers were intended third-party beneficiaries of warranties made to Athena's authorized resellers who in turn resold to consumers. Compl. ¶ 133. New York law recognizes these exceptions. *See, e.g.*, *DeCoursey v. Murad, LLC*, 673 F. Supp. 3d 194, 213 n.16 (N.D.N.Y. 2023) ("Recognizing that many consumers purchase products from authorized retailers or resellers, New York has eliminated the privity requirement for claims alleging breach of implied warranty where personal injury results"); *Hubbard v. GM Corp.*, 95-civ-4362, No. 1996 WL 274018, at *5 (S.D.N.Y. May 22, 1996) (permitting implied warranty claim against car manufacturer where consumers were intended users and purchased through authorized dealers). At a minimum, it would be premature to dismiss at this stage for lack of privity, which is a fact-specific inquiry. *See, e.g.*, *Sloan v. GM, LLC*, 287 F. Supp. 3d 840, 881 (N.D. Cal. 2018) (denying motion to dismiss breach of implied warranty claim under New York law because whether dealer was agent of defendant was fact question).

-12-

**B. Rush Sufficiently Pleads Her Statutory Consumer Protection Law Claim (Count I)**

Athena challenges Rush's consumer protection statute claim (Count I) on nearly all the same bases it unsuccessfully raised in *Slattery*. The Court should deny Athena's motion as to Rush's Count I for the same reasons the Court denied Athena's earlier, nearly-identical motion as to Slattery's Count I.

Just like Slattery, Rush, too, adequately pleads violations of her home state's consumer protection statute, the New York General Business Law ("GBL") § 349, *et seq.* The GBL prohibits misleading and deceptive practices aimed at consumers that are likely to mislead reasonable consumers. *See, e.g.*, *Vitolo v. Mentor H/S, Inc.*, 426 F.Supp.2d 28, 33 (E.D.N.Y. 2006). Reliance is not required. *Pelman v. McDonald's Corp.*, 396 F.3d 508, 512 (2d Cir. 2005).

The Complaint alleges that Athena's conduct affected trade or commerce (*id.* ¶ 70); that Plaintiff and other putative class members are 'consumers' or 'persons' within the meaning of the applicable statutes (*id.* ¶ 71); that Athena's conduct as detailed in Part IV of the Complaint offends public policy and caused injury to Rush and the putative class (*id.* ¶ 71); that Athena's conduct is unfair, deceptive, and misleading (*id.* ¶ 72) because Athena represented the Serums were safe when in reality there are serious adverse effects associated with prostaglandin/DDDE use in lash serums (*id.* ¶¶ 72-75); that to the extent reliance is even pertinent Athena knew or certainly should have known its wrongful conduct induced reliance (*id.* ¶ 73); that Athena's unlawful conduct was deliberate and knowing insofar as it intentionally made false statements and omissions about the Serums' contents and safety (*id.* ¶ 73-74) which were material (*id.* ¶ 75); that as a direct and proximate result of Athena's conduct Rush and other class members suffered actual damages (*id.* ¶ 76); and that Rush satisfied any pre-suit notice/demand requirement (*id.* ¶ 78). These allegations sufficed in *Slattery*, and suffice here as well. *See, e.g.*, *A.B. ex rel. Turner v. Google LLC*, -- F. Supp. 3d --, 2024 WL 3052969, at *7-8 & n.6 (N.D. Cal. June 18, 2024)

-13-

(denying motion to dismiss Florida and New York consumer protection claims, and noting GBL claims must only satisfy Rule 8, not Rule 9(b)).

Athena's contention that Rush does not adequately plead actionable affirmative misrepresentations (Mot. at 15-16) fails for the same reasons described *supra* Part IV.A about Rush's warranty claims, and for those reasons this Court expressed in *Slattery* in denying Athena's motion to dismiss Slattery's Count I.

Athena's assertion that Rush does not adequately plead actionable omissions as to DDDE and associated health risks (Mot. at 12-15) similarly misses the mark. Rush's complaint alleges in detail what DDDE is (Compl. ¶ 3), what DDDE's effects and risks are (*id.* ¶¶ 4-6, 24-26) as recognized in the scientific literature and by regulatory bodies (*id.* ¶¶ 30-31), and that Athena failed to disclose these material risks which would be important to Rush and other reasonable consumers. (*id.* ¶¶ 114, 128). This is sufficient under New York law, as recognized by Athena's own cases. *See, e.g., Goldemberg v. J&J Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 480-81 (S.D.N.Y. 2014) (defendant's failure to disclose that most of product's ingredients were synthetic adequately stated omissions claim under GBL) (cited in Athena's Motion at 16).

Athena's related assertion that Rush's omissions-bases GBL theory fails because Athena itself did not know about DDDE and its health risks, or that DDDE's presence and risks were widely known publicly, (*see* Mot. at 13-15), is incorrect and unpersuasive. Rush's complaint alleges that, as the manufacturer of the Serums, Athena, and only Athena, knew the true contents of the Serums including the presence of DDDE (Compl. ¶¶ 37, 48, 73); that Athena knew of the serious health risks associated with DDDE (Compl. ¶¶ 22, 37, 40, 47-48, 73); and that, notwithstanding its knowledge, Athena nonetheless marketed its Serums without disclosing (until very recently) the presence of DDDE (Compl. ¶¶ 36, 38, 40-41, 46), and has never disclosed the health and safety risks associated with DDDE (Compl. ¶¶ 40-41, 44-47). Neither Rush nor other consumers knew or could discover the

presence of DDDE through reasonable means (Compl. ¶ 56), nor could they be reasonably expected to piece together the many technical pieces of science and industry information about DDDE's risks, especially when Athena both actively concealed and misled consumers (*see, e.g.*, *id.*) and when Athena argues in its Motion that DDDE poses no health risks at all (*see, e.g.*, Mot. at 19). These allegations are more than sufficient under the GBL. *See, e.g.*, *Kyszenia v. Ricoh USA, Inc.*, 583 F. Supp. 3d 350, 360 (E.D.N.Y. 2022) (whether certain information might be public is "not fatal" to GBL omissions claim; that some complaints were on internet "does not show that consumers were entirely capable of discovering the information on their own"); *DeCoursey*, 673 F. Supp. 3d at 218 (unreasonable to hold as matter of law that consumers could have pieced together the truth on their own). Rush's allegations also distinguish this matter from the pair of cases Athena cites (Mot. at 14) where the plaintiffs never alleged the defendant possessed knowledge of the challenged omitted information, or where the alleged omission about the environmental impact of manufacturing practices was too attenuated from undisclosed characteristics about the at-issue products themselves. *See, e.g.*, *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 97 (S.D.N.Y. 2021) ("in most cases the question of whether Defendant's labeling would prove misleading to the reasonable consumer is a question of fact that cannot be resolved on a motion to dismiss").

## C. Rush Adequately Pleads Her Fraud Claim (Count II)

As Athena argued as to Slattery, Athena also argues now that Rush does not sufficiently plead her fraud claim under Federal Rule of Civil Procedure 9(b). (Mot. at 22). This Court rejected this same argument in *Slattery*, finding that the complaint there adequately alleged the who, what, when, where, and how. (Dkt. 33 at 15-16).

Rush's complaint contains the same detail as Slattery's complaint. For instance, Rush alleges that: (i) Athena (the "who"), (*see, e.g.*, Compl. ¶¶ 2, 18); (ii) failed to disclose the serious risks associated with DDDE (the "what"), (*see, e.g.*, *id.* ¶¶ 2, 7, 11, 15-16, 23, 43-45, 49-50); (iii) but nevertheless Athena sold its Serums

-15-

to Plaintiff and other class members throughout the United States including through promotion on its own website and the websites of Athena's authorized resellers (the "where"), (*see, e.g.*, *id.* ¶¶ 15-16, 57); (iv) since at least November 2021 in Plaintiff's case and likely earlier, through the present (the "when"), (*see, e.g.*, *id.* ¶ 15); (v) for the purpose of duping consumers into paying for Serums that carried undisclosed risks to deceptively boost Athena's own profits (the "how" and "why"), (*see, e.g.*, *id.* ¶¶ 8, 148). The Complaint also explains in detail what DDDE is, why it is dangerous, and how Athena knew or most certainly should have known about all of this, as explained *supra*. Moreover, the Complaint alleges specific facts and circumstances— such as Athena's deceptive language on its website (*id.* ¶ 48), its marketing focusing *only* on inert ingredients such as "Ginseng" (an herbal root) and "Swertia Japonica" (a flower) (*id.* ¶ 34), and consumer comments about concerns over the Serums' safety (*id.* ¶ 47)—that create a strong inference of Athena's fraudulent intent (*id.* ¶¶ 40, 88, 102).  These allegations suffice. *See, e.g.*, *Tappana v. Am. Honda Motor Co., Inc.*, 609 F. Supp. 3d 1078, 1088 (C.D. Cal. 2022); *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 470-74 (E.D.N.Y. 2013) (finding allegations similar to those here sufficient under Rule 9(b)). Last, contrary to Athena's suggestion (Mot. at 22), Plaintiff may plead "general rather than particularized allegations" of Athena's state of mind, *see, e.g.*, *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007), which she amply does. (*See, e.g.*, Compl. ¶¶ 40, 47, 48, 88, 102).

**D. Rush's Unjust Enrichment Claim (Count VII) Is Not "Duplicative"**

Athena re-raises here the same argument it raised in *Slattery*, namely, that an unjust enrichment claim cannot proceed if it is based on some of the same conduct as other claims. (Mot. at 22-23). This Court already rejected this argument in *Slattery*, *see* (Dkt. 33 at 16 n.3), and should do so again here. *See also, e.g.*, *MaxEn Capital Advisors, Ltd. v. Pure Lithium Corp.*, No. 1:24-cv-2231, 2024 WL 4520062, at *11 (S.D.N.Y. Oct. 17, 2024) (unjust enrichment claim under New York law pleaded in alternative is "not duplicative").

**E. The Economic Loss Doctrine Does Not Bar Rush's Negligent Misrepresentation (Count III) and Negligence (Count VI) Claims**

As before in *Slattery*, Athena argues the economic loss doctrine bars a plaintiff's negligence and negligent misrepresentation claims. (Mot. at 21). This Court previously rejected this exact argument in *Slattery*. The Court rightly recognized that, while Slattery sought only economic damages, she nonetheless sufficiently pleaded she and other consumers suffered physical harm (*see* Dkt. 33 at 14-15), and sought "to reduce similar (physical and economic) harm to others since they deal with Athena omitting labeling of the safety risks associated with DDDE" (*id.* at 15).

Rush's complaint contains the same allegations, so the Court's finding in *Slattery* equally adheres here as well.  Like Florida law, New York law recognizes the same physical impact exception to the economic loss doctrine. *See, e.g.*, *DeCostanzo v. GlaxoSmithKline PLC*, 643 F. Supp. 3d 340, 353-54 (E.D.N.Y. 2022). Athena is incorrect that New York law requires a plaintiff to seek recovery for physical injury versus alleging physical injury. (Mot. at 21). Athena's principal case is forty years old, did not involve consumers alleging any physical impact (it was a county suing a nuclear plant), and predates more recent New York and Second Circuit law recognizing that allegations of physical impact are sufficient, not to mention the several other exceptions to the doctrine that Rush alleges and which Athena does not dispute. *See, e.g.*, *Cincinnati Ins. Co. v. Emerson Climate Techs., Inc.*, 215 A.D.3d 1098, 1100 (N.Y. App. Div. 2023) (doctrine inapplicable "where physical injury occurs"); *see also, e.g.*, *IKB Intl., S.A. v. Wells Fargo Bank, N.A.,* 40 N.Y.3d 277, 290 (N.Y. 2023) (doctrine inapplicable outside products liability context).

**F. Athena's Multi-State Standing Argument Lacks Merit**

This Court previously dismissed Slattery's non-Florida state consumer protection law claims, limiting her statutory claim to her home state of Florida's statute. (Dkt. 33 at 12-14). Rush understands that application of this Court's *Slattery*

-17-

ruling will mean her state consumer protection law claim (Count I) would be limited to her homes state of New York's statute, the GBL. Rush alleged a multi-state consumer protection law claim for preservation purposes only, and merely incorporates Slattery's arguments here to align the two cases on this issue.

Athena also raises here a one-sentence argument that Rush should not be able to assert common law claims under other states' laws. (Mot. at 26). Athena never raised this in *Slattery*. Athena misconstrues Rush's complaint. Rush, a New York resident, is only asserting her own claims under New York law. But as a proposed class representative, Rush may represent persons from New York *as well as* persons in states whose laws do not conflict with New York's. Compl. ¶¶ 57, 68.

This is consistent with *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985). In *Shutts*, the Supreme Court held that a class representative of one state may represent absent class members in different states provided there is a "false conflict" of law. *Id.* at 816 ("There can be no injury in applying Kansas law if it is not in conflict with that of any other jurisdiction connected to this suit."). At class certification, Rush will address the multiple states' laws that do not conflict with New York's. *See, e.g.*, *Langan v. Johnson & Johnson Consumer Cos., Inc.*, 897 F.3d 88, 96 (2d Cir. 2018) ("whether a plaintiff can bring a class action under the state laws of multiple states, is a question of predominance under Rule 23(b)(3), not a question of standing under Article III."); *Pecanha v. The Hain Celestial Grp., Inc.*, No. 17-cv-4517, 2018 WL 534299, at *9 (N.D. Cal. Jan. 24, 2018) (denying motion to dismiss and finding that standing to bring claims arising in other states could be deferred until certification). The Court also need not address this now because Athena fails to carry its burden of presenting any choice-of-law analysis whatsoever. *See, e.g.*, *Nelson v. Forest River, Inc.*, 22-cv-49, 2023 WL 2610769, at *8 (D. Mon. Mar. 23, 2023); *Kellman v. WFM Private Label, L.P.*, 17-cv-6584, 2019 WL 1429576, at *10 (N.D. Cal. Mar. 29, 2019); *Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1107-08 (S.D. Cal. 2015).

Case No. 2:23-cv-10078-HDV-AJR                    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOT. TO DISMISS

## V.   **CONCLUSION**

For the foregoing reasons, Athena's motion should be denied in its entirety. Or, alternatively, the Motion should be granted only to limit Rush's state consumer protection law claim (Count I) to the laws of her home state of New York, to align with this Court's ruling in *Slattery*.

Dated: January 16, 2025                    By: */s/ Peter J. Farnese*

**Farnese P.C.**
Peter J. Farnese (SBN 251204)
pjf@farneselaw.com
700 Flower St., Suite 1000
Los Angeles, CA 90017
(310) 356-4668

**Honik LLC**
Ruben Honik (*PHV*)
David J. Stanoch, Of Counsel (*PHV*)
ruben@honiklaw.com
david@honiklaw.com
1515 Market Street, Suite 1100
Philadelphia, PA 19102
(267) 435-1300

-19-

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the email addresses registered in the CM/ECF system.

/s/ Peter J. Farnese
Peter J. Farnese

-20-

Case No. 2:23-cv-10078-HDV-AJR                    PLAINTIFF'S RESPONSE TO DEFENDANT'S MOT. TO DISMISS